UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARTONFALLS LLC,<br><br>                 Plaintiff,<br><br>    v.<br><br>ARMSTRONG TELEPHONE COMPANY,<br><br>                 Defendant. | Case No.<br><br>COMPLAINT FOR PATENT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Bartonfalls LLC ("Bartonfalls") demands a jury trial and complains against Defendant Armstrong Telephone Company ("Armstrong"), and states as follows:

**THE PARTIES**

**1.** Bartonfalls is a limited liability company organized and existing under the laws of the State of Texas, conducting business in this judicial district.

**2.** On information and belief, Armstrong is a New York company having a registered agent office located at 111 Eight Avenue, New York 10011, and conducts business in this judicial district.

**JURISDICTION AND VENUE**

**3.** This action arises under the patent laws of the United States of America, Title 35 of the United States Code. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

**4.** Bartonfalls is informed and believes, and based thereon alleges, that Armstrong is doing business and committing acts of infringement of the patent identified below in this judicial district, and is subject to personal jurisdiction in this judicial district.

**5.** Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENT

6.     On March 29, 2011, U.S. Patent No. 7,917,922 B2 ("the '922 Patent") was duly and legally issued to Barry H. Schwab and John G. Posa as the inventors. The '922 Patent claims an invention entitled "Video Input Switching and Signal Processing Apparatus". On March 28, 2014, the inventors assigned all right, title and interest in and to the '922 Patent to Videa LLC and on June 10, 2016, Videa LLC assigned all right, title and interest in and to the '922 Patent to Bartonfalls LLC. A copy of the '922 Patent is attached to this Complaint as Exhibit 1.

7.     On July 1, 2014, U.S. Patent No. 8,769,561 ("the '561 Patent") was duly and legally issued to Videa LLC naming Barry H. Schwab and John G. Posa as the inventors. The '561 Patent claims an invention entitled "Video Input Switching and Signal Processing Apparatus" and is a continuation of the '922 Patent. On June 10, 2016, Videa LLC assigned all right, title and interest in and to the '561 Patent to Bartonfalls LLC. A copy of the '561 Patent is attached to this Complaint as Exhibit 2. The '922 Patent and the '561 Patent will sometimes hereinafter be referred to collectively as "the Patents".

8.     The Patents are directed to novel methods for integrating into a single system a plurality of television ("TV") signal sources (e.g. standard broadcast-frequency, cable, direct-broadcast-satellite), wherein the system includes different tuners which may include a descrambler; additional inputs for other uses; outputs for both baseband audio and video; and a system controller for inputting control signals from a standard infrared-type hand-held remote-controller to select and switch between both channels and input signal types. The components can be implemented as an internal circuit board or as an internal or external plug-in unit, and the controller can integrate signals for a telephone interface, for pay-per-view billing or other uses.

9. Claim 1 of the '922 Patent is directed to a method of automatically changing from a first TV program to an alternate TV program at a TV viewer location, comprising the steps of: entering information regarding a viewing preference at the viewer location; transmitting the TV program from a source to the viewer location; receiving the TV program at the viewer location over a first TV channel, the TV program including a pointer to an alternate TV channel providing an alternate TV program with subject matter directly related to the first TV program; and automatically switching the TV program to the alternate TV program using the pointer and the information previously entered by the viewer without requiring any additional viewer intervention at the time of switching.

10. Claim 2 of the '922 Patent is directed to the same method as Claim 1 of the '922 Patent with the added requirement that the TV program is a cable program.

11. Claim 3 of the '922 Patent is directed to the same method as Claim 1 of the '922 Patent with the added requirement that the TV program is an audio/video program transmitted in digital form.

12. Claim 4 of the '922 Patent is directed to the same method as Claim 1 of the '922 Patent, wherein the step of entering the information at the viewer location includes using a hand-held remote-control unit.

13. Claim 5 of the '922 Patent is directed to the same method as Claim 1 of the '922 Patent, wherein the step of entering the information at the viewer location includes using an on-screen programming technique.

14. Claim 7 of the '922 Patent is directed to the same method as Claim 1 of the '922 Patent, wherein the pointer is transmitted continuously with the TV program.

15. Claim 1 of the '561 Patent is directed to a method of automatically switching from a video program to supplemental video information at a viewer location, comprising the steps of: entering , by a user at a viewer location, information regarding a viewing preference; delivering a

digital video program to the viewer location from a source of digital video programs; receiving the digital video program at the viewer location over a first communication channel, the program including a pointer to an alternate communication channel carrying supplemental information directly related to the program; and automatically switching, without human intervention, from the program received over the first communication channel to the supplemental information received over the alternate communication channel using the pointer and the viewing preference entered by the user.

16. Claim 2 of the '561 Patent is directed to the same method as Claim 1 of the '562 Patent, wherein the supplemental information is HDTV, wide-screen, or other picture-enhancement information.

17. Claim 8 of the '561 Patent is directed to the same method as Claim 1 of the '562 Patent, wherein the viewing preference is entered with a hand-held remote control.

18. Claim 9 of the '561 Patent is directed to a method of automatically switching from a video program to supplemental video information at a viewer location, comprising the steps of: delivering a digital video program at the viewer location from a source of digital video programs; receiving the digital video program at the viewer location over a first communication channel, the program including pointers to a plurality of alternate communication channels carrying supplemental information directly related to the program; entering by the user information regarding a viewing preference at the viewer location; and automatically switching without human intervention from the program received over the first communication channel to one of the alternate communication channels to display the supplemental information, using the viewing preference entered by the user.

19. Claim 12 of the '561 Patent is directed to the same method as Claim 9 of the '562 Patent, wherein the viewing preference is entered with a hand-held remote control.

## ARMSTRONG'S INFRINGING SYSTEM AND METHOD

20.     Without authority from Bartonfalls, Armstrong makes, uses (including by having its employees test), markets and sells or otherwise provides a product that practices a method of automatically changing from a first TV program (e.g. SD version of a program) to an alternate TV program (e.g. HD version of the program) at a TV viewer location. *See* http://armstrongonewire.com/Content/Documents/dct5100_manual.pdf and http://armstrongonewire.com/Content/Documents/set-top-user-guide.pdf.

21.     On its website, Armstrong encourages and suggests to its viewers to use The Accused Instrumentality in a way that infringes at least Claims 1, 2, 3, 4, 5 and 7 of the '922 Patent, and Claims 1, 2, 8, 9 and 12 of the '561 Patent.  *See* http://armstrongonewire.com/Content/Documents/set-top-user-guide.pdf.

## COUNT I
## DIRECT INFRINGEMENT

22.     Bartonfalls repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 21 above.

23.     As a result of making, using (including having its employees internally test and use The Accused Instrumentality as alleged below), marketing, and providing The Accused Instrumentality, Armstrong has directly infringed at least Claims 1, 2, 3, 4, 5 and 7 of the '922 Patent, and Claims 1, 2, 8, 9 and 12 of the '561 Patent literally and/or under the doctrine of equivalents.  As set forth *supra*, The Accused Instrumentality  is specifically designed to perform each and every step set forth in at least Claims 1, 3, 5 and 7 of the '922 Patent, and Claims 1 and 9 of the '561 Patent, and each use of The Accused Instrumentality will result in infringement of at least one claim of the Patents.

**24.** Upon information and belief, Armstrong directly infringed at least Claims 1, 2, 3, 4, 5 and 7 of the '922 Patent, and Claims 1, 2, 8, 9 and 12 of the '561 Patent when it internally tested and used The Accused Instrumentality. Upon information and belief, Armstrong employees and/or individuals under Armstrong's control use The Accused Instrumentality at an Armstrong TV viewer location, to test the operation of The Accused Instrumentality and its various functions, in the manner set forth in the Patents and described in detail in paragraphs 6 through 21 above. Bartonfalls therefore alleges that Armstrong directly infringed the Patents by using The Accused Instrumentality to perform the methods claimed by the Patents.

**25.** Upon information and belief, Armstrong also directly infringed at least Claims 1, 2, 3, 4, 5 and 7 of the '922 Patent, and Claims 1, 2, 8, 9 and 12 of the '561 Patent when its employees use The Accused Instrumentality. Upon information and belief, Armstrong employees and/or individuals under Armstrong's control used The Accused Instrumentality at an Armstrong TV viewer location in the manner set forth in the Patents and described in detail in paragraphs 6 through 21 above. Bartonfalls therefore alleges that Armstrong directly infringed the Patents by using The Accused Instrumentality to perform the methods claimed by the Patents.

**26.** Since at least the date that this Complaint was filed, Armstrong has willfully infringed at least Claims 1, 2, 3, 4, 5 and 7 of the '922 Patent, and Claims 1, 2, 8, 9 and 12 of the '561 Patent by directly infringing the Patents with knowledge of the Patents and in spite of an objectively high likelihood that its actions constituted infringement of the Patents.

**27.** Bartonfalls has suffered damages as a result of Armstrong's direct infringement of the Patents.

## COUNT II
## **INDIRECT INFRINGEMENT**

**28.** Bartonfalls repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 27 above.

**29.** The Accused Instrumentality is particularly adapted for use in a manner that infringes at least Claims 1, 2, 3, 4, 5 and 7 of the '922 Patent, and Claims 1, 2, 8, 9 and 12 of the 'Patent. Specifically, as alleged *supra*, The Accused Instrumentality is designed to facilitate automatically switching from a first TV program to an alternate TV program at a TV viewer location.

**30.** Armstrong has been aware of the Patents since at least the filing date of the Original Complaint, and upon information and belief was aware, or should have been aware, since at least such date that the use of The Accused Instrumentality constitutes direct infringement of the Patents.

**31.** In spite of its knowledge of the Patents, Armstrong has continued to offer The Accused Instrumentality to its viewers and has continued to encourage them to use The Accused Instrumentality in a manner that infringes at least Claims 1, 2, 3, 4, 5 and 7 of the '922 Patent, and Claims 1, 2, 8, 9 and 12 of the '561 Patent, intending that its viewers use The Accused Instrumentality.

**32.** Upon information and belief, at least one of Armstrong's customers has used The Accused Instrumentality in a manner that infringes the Patents since Armstrong became aware of the Patents.

**33.** Armstrong indirectly infringes at least Claims 1, 2, 3, 4, 5 and 7 of the '922 Patent, and Claims 1, 2, 8, 9 and 12 of the '561 Patent by inducing others to use The Accused Instrumentality in a manner that directly infringes the asserted claims. Armstrong provides The Accused Instrumentality to the public and encourages and instructs them on how to use it, including by encouraging and encouraging instructing the use of each of the features claimed by the Patents. Due to Armstrong's encouragement and instruction, Armstrong customers that use The Accused Instrumentality directly

infringe the Patents by performing each element set forth in the Patents and described in detail in paragraphs 6 through 21 above. Armstrong has induced these infringing uses with full knowledge of the Patents and with full knowledge that the use of use of The Accused Instrumentality as directed constitutes infringement of the Patents.

**34.** Armstrong indirectly infringes at least Claims 1, 2, 3, 4, 5 and 7 of the '922 Patent, and Claims 1, 2, 8, 9 and 12 of the '561 Patent by contributorily infringing the patent through its provision of use of The Accused Instrumentality. Armstrong viewers that use of The Accused Instrumentality directly infringe the Patents by performing each element set forth in the Patents and described in detail in paragraphs 6 through 21 above. Since at least the filing date of this Complaint, Armstrong has known that the use of The Accused Instrumentality at a TV viewing location infringes the Patents, that the combination of The Accused Instrumentality as used on a viewing device was patented and infringed the Patents, and that such combination of components has no substantial non-infringing use.

**35.** Bartonfalls has suffered damages as a result of Armstrong's indirect infringement of the Patents.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Bartonfalls prays for judgment against Defendant Armstrong on all of the counts and for the following relief:

A. Declaration that Bartonfalls is the owner of the right to sue and to recover for infringement of the Patents being asserted in this action;

B. Declaration that Armstrong has directly infringed, actively induced the infringement of, and/or contributorily infringed the Patents;

C. Declaration that Armstrong and its customers are jointly or severally responsible for the damages from infringement of the Patents through the use of The Accused

Instrumentality;

D.     Declaration that Armstrong is responsible jointly or severally with its customers for the damages caused by the infringement of the Patents through the use of The Accused Instrumentality by Armstrong's viewers;

E.     An accounting for damages under 35 U.S.C. §284 for infringement of the Patents by Armstrong, and the award of damages so ascertained to Bartonfalls together with interest as provided by law;

F.     Award of Bartonfalls' costs and expenses;

G.     Award of Bartonfalls' attorney fees; and

H.     Such other and further relief as this Court may deem proper, just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff Bartonfalls demands a trial by jury of all issues properly triable by jury in this action.

By: /s/Jean-Marc Zimmerman
Jean-Marc Zimmerman
Zimmerman Law Group
233 Watchung Fork
Westfield, New Jersey 07090
Tel: (908) 768-6408
Fax: (908) 935-0751
jmz@zimllp.com
Attorneys for Plaintiff Bartonfalls LLC

Dated: November 5, 2017